IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SHANNON GANSTINE                                                        PLAINTIFF

VS.                                                        CIVIL ACTION NO.: 1:23cv4 TBM-RPM

PREMIER ENTERTAINMENT BILOXI LLC
D/B/A HARD ROCK HOTEL & CASINO BILOXI
AND JOHN DOES 1-10                                             DEFENDANTS

## COMPLAINT
### (JURY TRIAL REQUESTED)

**COMES NOW,** the Plaintiff, Shannon Ganstine, (hereinafter "Plaintiff") by and through his counsel of record, and hereby files this Complaint against Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi and John Does 1-10 (sometimes herein referred to as "Defendants"), for damages which exceed the amount of $75,000.00, and in support thereof states as follows:

### I. PARTIES

1. The Plaintiff is an adult resident citizen of Duval County, Florida and presently resides at 3325 Warnell Drive, Jacksonville, Florida 32216.

2. The Defendant, Premier Entertainment Biloxi LLC is a Limited Liability Company incorporated in the State of Delaware, with its principal place of business located at 777 Beach Blvd., Biloxi, Mississippi 39530, and doing business in the State of Mississippi, whose agent for service of process is Todd Raziano 777 Beach Blvd., Biloxi, Mississippi 39530 or wherever found.

3. Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendants and/or other persons, entities, and/or corporations that were

in some manner negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Harrison County, Mississippi, and the cause of action occurred and/or accrued in Harrison County, Mississippi, which is in the United States District Court for the Southern District of Mississippi, Southern Division. Jurisdiction is based on Diversity of Citizenship per 28 U.S.C § 1332 in that the lawsuit involves citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

## III. FACTS

5.      The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6.      At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated Hard Rock Casino & Hotel located at 777 Beach Blvd., Biloxi, Mississippi 39530.

7.      At all times mentioned in this Complaint, the Defendant invited the general public, including the Plaintiff, to enter the Defendant's hotel and casino located at 777 Beach Blvd., Biloxi, Mississippi 39530 for reasons mutually advantageous to both the Defendant and Plaintiff.

8.      On or about July 4, 2021, Plaintiff, Shannon Ganstine was an invitee on property located at 777 Beach Blvd., Biloxi, Mississippi 39530. Plaintiff was walking into the restroom when suddenly and without warning, he slipped and fell due to water on the floor. There was no "Wet Floor" sign visible from the entrance. Due to the fall, Plaintiff suffered a tear of the medial

meniscus of the right knee and hours of physical therapy as a direct result of the Defendant's negligence. The extent of his injuries is unknown at the present time.

## COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST THE DEFENDANT, PREMIER ENTERTAINMENT BILOXI LLC D/B/A HARD ROCK HOTEL & CASINO BILOXI

9. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

10. At said time and place, Defendant, as owner and/or operator of the premises, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangers not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions, such as water on the floor that was not visible to invitees including the Plaintiff.

11. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the restroom floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligence by failing to instruct employees regarding the proper inspection and maintenance of the restroom floors in a reasonably attentive manner which caused bodily injuries to the Plaintiff;

   c) Negligence by failing to avoid the accident and thus causing injuries to the Plaintiff;

   d) Negligently failing to have adequate staff on duty and/or assigned to the task of properly inspecting and maintaining the restroom floors for safety on the premises;

   e) Negligently failing to train and/or inadequately training its employees to properly inspect and maintain safe floors on the premises;

    f)     Negligently failing to follow its own corporate policy(ies) regarding the inspection, and maintenance of the floors on the premises;

    g)     Negligently failing to have adequate policies in place to identify dangers that may exist on and around the premises, including the inspection and maintenance of the restroom floors in the casino despite knowledge of prior incidents at the subject location or other dangers that were not timely identified by the Defendant's employees and corrected/remedied or for which notice was not given to business invitees on the premises;

    h)     Negligently failing to assign specific associates/employees the task of solely inspecting and monitoring the subject premises for possible dangers, including the restroom floors of the casino, and correcting/remedying said conditions and/or warning business invitees of said hazards on the premises;

    i)     Negligently allowing water to remain on the restroom floor in the casino building;

    j)     Negligently failing to act reasonably under the circumstances; and

    k)     Negligently engaging in a mode of operations when the Defendant knew, or should have known, that said mode of operations would result in danger to invitees, including the Plaintiff herein.

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, PREMIER ENTERTAINMENT BILOXI LLC D/B/A HARD ROCK HOTEL & CASINO BILOXI

12.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

    a)     Negligently failing to maintain or adequately maintain the restroom floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b)     Negligence by failing to instruct employees regarding the proper inspection and maintenance of the restroom floors in a reasonably attentive manner which caused bodily injuries to the Plaintiff;

    c)     Negligence by failing to avoid the accident and thus causing injuries to the Plaintiff;

    d)     Negligently failing to have adequate staff on duty and/or assigned to the task of properly inspecting and maintaining the restroom floors for safety on the premises;

e) Negligently failing to train and/or inadequately training its employees to properly inspect and maintain safe floors on the premises;

f) Negligently failing to follow its own corporate policy(ies) regarding the inspection, and maintenance of the floors on the premises;

g) Negligently failing to have adequate policies in place to identify dangers that may exist on and around the premises, including the inspection and maintenance of the restroom floors in the casino despite knowledge of prior incidents at the subject location or other dangers that were not timely identified by the Defendant's employees and corrected/remedied or for which notice was not given to business invitees on the premises;

h) Negligently failing to assign specific associates/employees the task of solely inspecting and monitoring the subject premises for possible dangers, including the restroom floors of the casino, and correcting/remedying said conditions and/or warning business invitees of said hazards on the premises;

i) Negligently allowing water to remain on the restroom floor in the casino building;

j) Negligently failing to act reasonably under the circumstances; and

k) Negligently engaging in a mode of operations when the Defendant knew, or should have known, that said mode of operations would result in danger to invitees, including the Plaintiff herein.

13. At said time and place, the Defendant owned, controlled, and/or possessed the business premises.

14. At said time and place, and by virtue of ownership, control, and/or possession of the premises, the Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15. Further, the Defendant was negligent through the actions and inactions of its agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

a) Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in and around the building, and the inspection and monitoring of potential dangers including the restroom floors;

    b)    Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions on the premises, including the restroom floors;

    c)    Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

    d)    Allowing water to remain on the restroom floor of the men's room of the casino building; and

    e)    Other acts of negligence to be shown at the trial of this cause.

16.    As the Plaintiff was walking into the restroom suddenly and without warning, he slipped and fell due to water on the floor. There was no "Wet Floor" sign visible from the entrance. Due to the fall, Mr. Ganstine suffered a tear of the medial meniscus of the right knee and hours of physical therapy as a direct result of the Defendant's negligence. The extent of his injuries is unknown at the present time.

17.    He continues to have pain from the impact of the fall due to water on the restroom floor, that was not visible to invitees.

18.    Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

    a.    past, present, and future physical pain and suffering;

    b.    past, present, and future medical expenses;

    c.    past, present, and future loss of enjoyment of life;

    d.    past, present and future mental and emotional pain and suffering;

    e.    permanent physical restrictions, limitations, and/or disability;

    f.    loss of the ability to earn money; and

    g.    any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Shannon Ganstine, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 21st day of December, 2022.

SHANNON GANSTINE, PLAINTIFF

BY: _____
HARRY M. McCUMBER

OF COUNSEL:

MORGAN & MORGAN, PLLC
HARRY M. McCUMBER (MSB#10632)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Facsimile: (601) 503-1650
Email: hmccumber@forthepeople.com